City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Fred B. Mayers, Defendant-Appellant.

Gen. No. 50,603.

First District, Second Division.

February 8, 1966.

Rehearing denied March 21, 1966.

William A. Cain, of Chicago, for appellant.

442

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order denying a petition asking for the return of records of identification taken from defendant at the time of his arrest for disorderly conduct.

Defendant was arrested December 10, 1962 in the City of Chicago and charged with a violation of chapter 193, section 1, of the Municipal Code of Chicago, designated "Disorderly Conduct." He was fingerprinted and photographed by the police of the City of Chicago. Defendant appeared before the Honorable Edith A. Sampson. The matter was postponed, by order of court, to February 5, 1964. Thereafter, defendant was found not guilty and discharged.

On April 5, 1965, defendant served a notice of motion and a petition upon the Corporation Counsel for the City of Chicago and upon the State's Attorney of Cook County stating in the notice that he would present said petition on April 9, 1965. Said petition requested the return of records of identification, which records consisted of fingerprints and photographs taken from defendant upon his arrest and alleged that there was no authority for the invasion of defendant's right of privacy in that the matter involved only a quasi-criminal charge of disorderly conduct of which charge defendant was found not guilty and discharged; that defendant was a teacher and the records of identification on file with the Police Department of the City of Chicago and with the Department of Public Safety constituted a continuing menace to the future position and economic welfare of said defendant; that under section 206-5 of the Code of Criminal Procedure,

had defendant been charged with a serious crime, as enumerated in said section, he would upon discharge, acquittal, or release without conviction, be entitled to a return of all photographs, fingerprints, or other records of identification presently in the custody of the Department of Public Safety; and that defendant, as a result of the records of identification being in the custody of the authorities, suffered great pecuniary loss, embarrassment and defamation of his social standing and will continue so to suffer in the future.

Neither the Corporation Counsel on behalf of the City of Chicago, nor the State's Attorney on behalf of the Department of Public Safety, filed an answer or other pleading in opposition to the petition of defendant. The trial court denied the motion and petition of defendant.

Defendant's theory of the case is that the trial court erred in its denial of defendant's petition for the return of the records of identification in that the original charge of Disorderly Conduct was a civil proceeding in form; that the original charge being civil, the Civil Practice Act must apply and thus the failure of the City of Chicago and Department of Public Safety to answer or otherwise plead required the trial court to consider as true all of the well pleaded facts of the petition, and grant the relief prayed; that the legislature of the State of Illinois has empowered the Department of Public Safety as the only agency to cope with the task of criminal identification and investigation; that the City of Chicago has no inherent authority to take records of identification of an accused and therefore the court erred in not returning said records of identification after the accused had been acquitted; and that the denial of the defendant's petition for the return of the records of identification was improper in that defendant's rights were violated.

Plaintiff's theory of the case is that the Superintendent of the Chicago Police Department, Orlando W. Wilson, has custody and control of the identification records of

444

the Chicago Police Department; that the petition was properly denied by the trial court in that Superintendent Wilson was not named as a party, and along with the Department of Public Safety, was not served with a copy of the petition; that section 206–5 of the Code of Criminal Procedure is not authority for allowing the petition; and that the decisions of this court allow the Chicago Police Department to retain identification records of an arrested person, even after he has been acquitted.

At the outset we agree with the City that the petition is defective in that it does not name, or was not served upon, those persons against whom relief is sought. Thus we do not have to consider the merits of defendant's petition.

Section 21(4) of the Civil Practice Act of Illinois (Ill Rev Stats 1963, c 110, Par 21(4)) requires that "a party shall set forth in the body of his pleading the names of all parties for and against whom relief is sought thereby." The petition indicates that the City of Chicago is the only party litigant other than defendant. The petition, however, does not pray for relief against the City of Chicago as such. The prayer of the petition seeks relief against two parties other than the City of Chicago. It reads:

> Wherefore, the Petitioner prays for an order of this Court directed to the Commissioner of Police of the City of Chicago and to the Department of Public Safety of the State of Illinois, to return to him forthwith all fingerprints, photographs, or other records of identification taken from him on or about, to wit: December 10, 1962.

From the foregoing, it is clear that defendant is requesting that the court order "all fingerprints, photographs, or other records of identification taken from him" to be returned by the Commissioner of Police of

the City of Chicago and by the Department of Public Safety of the State of Illinois.

■ ■ The Department of Public Safety, however, was not served and made a party in the trial court; nor was its attorney William G. Clark, Attorney General of Illinois, served with notice of the petition in the trial court proceeding. The Corporation Counsel of the City of Chicago has no authority to act as legal representative for the Department of Public Safety. Therefore, the trial court properly denied that part of the petition pertaining to the Department of Public Safety.

■ Under chapter 11, section 6 of the Municipal Code of Chicago, the Superintendent of Police of the City of Chicago, as chief administrative officer, is in charge of records of the Chicago Police Department. The Superintendent of Police was on December 10, 1962, and at the time of the filing of this petition, Orlando W. Wilson. The relief sought, therefore, by petitioner, should have been against Superintendent Wilson. Superintendent Wilson was not designated a party in the petition. Instead, petitioner sought relief against the Commissioner of Police of the City of Chicago. There is no office designated Commissioner of Police in the City of Chicago. Such office was abolished by the City Council of the City of Chicago on March 2, 1960. See chapter 11 of the Municipal Code of the City of Chicago. The identification records, which are the subject of the petition, relate to petitioner's arrest on December 10, 1962. The petition was filed on March 19, 1965. Thus, on both the dates of plaintiff's arrest and the filing of his petition there was not in existence the office of Commissioner of Police of the City of Chicago.

Furthermore, the Superintendent was never served with summons, either by name, or position. As a result any order entered by the trial court would have been ineffectual.

Without considering other points raised by the parties, the trial court correctly dismissed the petition. The order is affirmed.

Order affirmed.

BRYANT, P. J. and BURKE, J., concur.